## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**ROBERT F. ROBERTS,**

     **Plaintiff,**

     **v.**                       **CASE NO. 24-3163-JWL**

**TRUMAN WILES,**

     **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff, Robert F. Roberts, who is currently detained at the Chase County Jail in Cottonwood Falls, Kansas, brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff brings this action against Wichita Police Officer Truman Wiles, arguing that on August 17, 2023, Wiles acted negligently in failing to activate his Axon bodycam while arresting Plaintiff for "absconding from state parole." (Doc. 1, at 2–3.) Plaintiff alleges that Defendant illegally searched the rental car Plaintiff was sitting in without activating his bodycam and without probable cause. *Id*. at 3, 6. Plaintiff alleges that due to Defendant's actions, Plaintiff faces criminal charges for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *Id*. at 7. Plaintiff seeks damages and asks this Court to "suppress and dismiss all illegally obtained alleged evidence deriving from the negligent action of WPD Officer Wiles coupled with the misconduct of falsify [sic] evidence leading to criminal charges." *Id*. at 8–9.[1]

---

[1] The Court notes that the *Younger* doctrine requires this Court to abstain when ongoing state criminal proceedings remain pending. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). "While *Younger* applies explicitly to pending state court claims, 'federal courts have applied the abstention doctrine . . . when asked to enjoin or dismiss enforcement of federal criminal proceedings.'" *Purvis-Mitchell v. Bacon*, 2020 WL 6043937, at *1 (N.D.N.Y. 2020) (citations omitted); *see also Giles v. Garland*, 2024 WL 2138624, at *2 (E.D. Mich. 2024) (finding that "a similar rule of abstention applies when federal pretrial detainees challenge ongoing federal criminal proceedings through civil actions"); *Peters v. United States*, 2024 WL 2274079, at *6 (D. Colo. 2024) (stating that "courts routinely have

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id.*

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id.* (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma

---

applied *Younger* to federal criminal investigations and prosecutions pursuant to separation of powers principles") (citations omitted).

[2] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Roberts v. Long*, Case No. 18-3286 (D. Kan.) (dismissed as barred by *Heck*); *Roberts v. Wichita Police Dep't*, Case No. 19-3044 (D. Kan.) (dismissed for failure to state a claim); *Roberts v. Thompson*, Case No. 19-3045 (D. Kan.) (dismissed for failure to state a claim). A dismissal based on *Heck* is for failure to state a claim. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *see also Miles v. Kansas*, 770 F. App'x 432, 433 (10th Cir. 2019) (unpublished) (where dismissal was based on *Heck*, Tenth Circuit assessed two strikes—"one for the district court's dismissal and one for our dismissal") (citation omitted).

pauperis in this civil action.  Plaintiff is given time to pay the full $405.00 district court filing fee[3] to the Court.  If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 18, 2024,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated September 26, 2024, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.